UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| THE UNITED STATES OF AMERICA, *ex rel*, HINKLE, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 3:14-CV-212-TAV-HBG ) |
| CARIS HEALTHCARE, L.P., and CARIS HEALTHCARE, LLC, | ) ) ) ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02. The parties appeared for a telephone conference on August 10, 2017, to address several discovery disputes. Attorneys Diana Cieslak, Amy Kossak, Jeremy Dykes, Robert McConkey, and Jessica Sievert appeared on behalf of the Government, attorneys Birt Reynolds and Michael Hamilton appeared on behalf of Relator Barbara Hinkle, and attorneys Matthew Curley, Anna Grizzle, and Taylor Chenery appeared on behalf of Defendants Caris Healthcare, L.P., and Caris Healthcare, LLC (collectively "the Defendants").

The parties disagree on the appropriate temporal and geographic scope of discovery. In addition, the Defendants take issue with the Government's objections to Defendants' Interrogatory Nos. 1, 2, 3, and 5. The Court will address each discovery dispute in turn.

**I.  Temporal and Geographic Scope of Discovery**

The Government contends that the relevant time period for discovery is January 1, 2010 through May 22, 2014. In support of its position, the Government cites to its Complaint in which

it has alleged that the Defendants submitted false claims or did not report overpayments or repay Medicare for amounts billed for ineligible beneficiaries on services during the period of April 2010 through December 2013. The Government submits that it is reasonable to include the months immediately preceding the date in which the Defendants are alleged to have engaged in the foregoing activity, thereby arguing that the relevant time period should begin on January 1, 2010.

The Defendants agree with the proposed end date of May 22, 2014, but argue that the relevant time period for discovery should begin on January 1, 2013. The Defendants submit that the Complaint does not include any factual or substantive allegations that pre-date 2013. Instead, the Defendants contend that the Complaint alleges certain events occurred in 2013, namely an internal audit, that created a duty for the Defendants to then review claims for potential over payments dating back to April 2010. Therefore, the Defendants believe that the relevant time period for discovery should be from January 1, 2013 through May 22, 2014.

The Government also contends that it is entitled to requested documents and information concerning Caris office locations in Tennessee, Virginia, and South Carolina.[1] In this regard, the Government submits that the allegations in the Complaint and the manner in which the Defendants organize and manage their offices, support a finding that the geographic scope of discovery should include Caris locations in all three states.

The Defendants counter that the Complaint does not include any specific factual allegation related to its offices in South Carolina or Virginia, and that the Government's theory of liability only involves patients serviced by offices in Tennessee.

"The scope of discovery under the Federal Rules of Civil Procedure is traditionally quite broad." *Lewis v. ACB Bus. Servs., Inc.*, 135 F.3d 389, 402 (6th Cir. 1998). Generally, "any

---

[1] Caris Healthcare, L.P. operates out of Tennessee and Virginia, whereas Caris Healthcare, LLC operates out of South Carolina since January 2012.

nonprivliedged matter that is relevant to any party's claim or defense and proportional to the needs of the case" is discoverable. Fed. R. Civ. P. 26(b)(1). Moreover, information within the scope of discovery need not be admissible in evidence to be discoverable. *Id.* Evidence is relevant when it has "any tendency to make a fact more or less probable than it would be without the evidence." Fed. R. Evid. 401(a).

As to the temporal scope of discovery, the Court agrees with the Government and finds that the relevant time period is January 1, 2010 to May 22, 2014. In reaching this conclusion, the Court observes that the allegations set forth in the Complaint specifically reference conduct and activity that began in 2010. For example, in the Government's First Cause of Action, the Government contends that between June 2013 and December 2013, the Defendants "knowingly presented or caused to be presented to the United States false or fraudulent Medicare claims for payment or approval." [Doc. 57 at 45]. In its Second Cause of Action, the Government contends that between April 2010 and June 2013, "Caris knowingly made or used false records or statement material to an obligation to pay or transmit money to the United States, or knowingly concealed, avoided, or decreased an obligation to pay or transmit money to the United States." [*Id.* at 46]. In support of both of its claims, the Government sets forth factual allegations throughout its Complaint that allege the Defendants (1) made false or fraudulent statements and records between April 2010 and June 2013, (2) retained Medicare payments for ineligible patients from April 2010 through June 2013, and (3) submitted false claims for Medicare payments from June 2013 through December 2013. [*See e.g.*, *id.* at 16-22, 27-45]. Because the alleged acts complained of began in 2010, the Court finds that extending the scope of discovery to 2010 could reasonably be expected to cover information that is relevant to a party's claim.

With regard to the geographic scope of discovery, the Court likewise agrees with the

Government and finds that the Complaint's allegations are not limited to conduct or practices that only occurred in Tennessee. The Defendants cite to an internal audit performed in June 2013, which took place at several Caris Tennessee locations, as evidence that the substantive allegations in the Compliant are geographically limited to Tennessee. However, the purpose of the audit was to provide a "one-month snapshot review" and evaluation of patients' April 2013 medical records. [Doc. 57 at 16]. Although the Complaint discusses the audit and six sample patients, the Complaint does not allege that the false claims acts are limited to conduct revealed by the audit. Indeed, the Complaint discusses companywide business practices endorsed by the Defendants without specific reference to any one of the geographic locations in which the Defendants operate. [*See e.g.*, *id.* 57 at 13-16]. Violations committed by Caris in meeting the physician certification requirements, for instance, are alleged to have occurred "with respect to multiple patients" and are "not isolated to one facility." [*Id.* at 24]. Similarly, the Complaint discusses questionable conduct and malfeasance committed by the Defendants' corporate-level and regional managers, as well as concerns raised by the Chief Medical Officer about ineligible patients, without reference to a specific geographic location. [*See e.g., id.* at 13-16, 18-19]. Therefore, the Court finds that discovery should not be limited to Caris offices located in Tennessee, but should also include its offices in Virginia and South Carolina.

## II.   Defendants' Interrogatory Nos. 1, 2, 3, and 5

The Defendants request that the Government be ordered to answer Interrogatory Nos. 1, 2, 3, and 5 which seek identification of the following: (1) specific false claims at issue for hospice services provided to ineligible patients; (2) alleged overpayments improperly retained for such patients; (3) specific hospice benefit periods during which patients were ineligible, and (4) any

false physician certifications of eligibility for the hospice benefit for such patients. The Government has objected to answering these interrogatories until after it discloses its expert's report and closer to the conclusion of discovery.

The Government argues that answering these interrogatories when discovery is still in its infancy would effectively require the Government to disclose its expert's report well in advance of the deadline set forth in the Scheduling Order for disclosure of expert witnesses. And because this case is in the early stages of discovery, the Government argues that it is still in the process of identifying responsive information. The Government further submits that it has already provided information that is responsive to the interrogatories but objects to providing information beyond what has already been produced.

The Defendants maintain that the Government's refusal to fully answer the interrogatories prejudices the Defendants in that they are unable to mount a defense against the allegations of fraud leveled by the Government. Because the Government's "discrete list of patients" now stands at 129, the Defendants contend that thousands of claims, overpayments, benefit periods, and physician certifications are at issue. As a result, the Defendants submit that the Government's refusal to provide full and responsive answers amounts to a stay of its own discovery obligations and leaves the Defendants in an unfair position.

To reiterate, Federal Rule of Civil Procedure 26(b)(1) entitles a party to discovery of any nonprivileged matter that is relevant to a party's claim or defense. Rule 33(a)(1) provides that "[u]nless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts." Moreover, "[a]n interrogatory may relate to any matter that may be inquired in under Rule 26(b)." Fed. R. Civ. P. 33(a)(2).

The Court finds that the Defendants are entitled to the information sought through Interrogatory Nos. 1, 2, 3, and 5. The interrogatories seek to identify specific false claims, overpayments improperly retained, specific hospice benefit periods, and false physician certifications of eligibility. In other words, the Defendants seek to identify specific factual information largely related to dates and numbers. Based upon the information and augments provided to the Court from both parties, the Court finds that the information sought does not require the "scientific, technical or other specialization" information that only an expert can provide. *See* Fed. R. Evid. 702(a). The Defendants' interrogatories go to the very heart of the Government's claims, and the Government has not presented anything more than conclusory assertions that answering the interrogatories would effectively require disclosure of its expert's report. Moreover, the Court finds that withholding this information would allow the Government to continue to build its case while preventing the Defendants from mounting a defense. The Court recognizes that discovery in this case is on-going. But that is not a reason to effectively stay the Government's discovery response obligations. The proper procedure is for the Government to produce the relevant information it now has, and then to later supplement its answers to the Defendants' interrogatories, if necessary.

**III.     Conclusion**

Accordingly, and for the reasons stated herein, the Court **ORDERS** as follows:

1. The relevant time period for purposes of discovery is **January 1, 2010 to May 22, 2014**;

2. The geographic scope of discovery **SHALL** include Caris offices in Tennessee, Virginia, and South Carolina; and

3. The Government **SHALL** provide responses to the Defendants' Interrogatory Nos. 1, 2, 3, and 5 by **September 29, 2017**.

**IT IS SO ORDERED.**

ENTER:

_____
United States Magistrate Judge